**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| STEVEN G. HUMPHREY and | ) | |
| KIMBERLY C. HUMPHREY, | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 10-0714-KD-M |
| | ) | |
| BANK OF AMERICA, N. A. and | ) | |
| BAC HOME LOANS SERVICING, | ) | |
| LP, | ) | |
| | ) | |
|     **Defendants.** | ) | |

## **ORDER**

This action is before the Court on the defendants' motion for leave to file an amended answer (doc. 14). Defendants move to amend their answer to add three affirmative defenses and to assert that Bank of America, N.A., is not a proper party. Upon consideration and for the reasons set forth herein, the motion is **GRANTED**. Accordingly, defendants shall file their amended answer on or before **May 20, 2011.**

The Federal Rules state that ". . . a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). Plaintiff did not respond to the motion and the parties did not provide the Court with the plaintiffs' written consent. Thus, the Court must determine whether justice requires granting defendants leave to amend their answer.

Generally, in the absence of any reason to deny the motion, such as undue prejudice to the non-movant or undue delay, bad faith or dilatory motive or repeated failure to cure deficiencies on the part of the movant, or futility of the amendment, leave to amend should be freely given when justice so requires. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 230

(1962). In Foman, the Supreme Court explained that leave should be given "[i]f the underlying facts or circumstances relied upon by the [movant] may be a proper subject for relief." Foman, 371 U.S. at 182. Therefore, "there must be a substantial reason to deny a motion to amend." Laurie v. Ala. Ct. of Crim.App., 256 F.3d 1266, 1274 (11th Cir.2001). Also, the federal rules favor allowing amendments. Dussouy v. Gulf Coast Investment Co., 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

The deadline for amendment of pleadings was April 15, 2011 (doc. 10). Therefore, the motion was timely filed. Also, discovery does not end until September 2, 2011. Thus, the parties have sufficient time to conduct discovery regarding the amendments to the answer. In that regard, discovery may "disclose more precisely the basis of both claim and defense" and "define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99 (1957).

Additionally, plaintiffs did not respond and thus did not advise the Court of any prejudice they would experience should the Court allow the amendments to add the affirmative defenses and to assert that Bank of America, N.A., is not a proper party. Plaintiffs did not raise any argument that defendants had acted in bad faith or that allowing the amendment to the answer would be futile. The docket does not indicate that defendants have engaged in undue delay, exhibited a dilatory motive, or repeatedly failed to cure deficiencies.

**DONE** this the 3rd day of May, 2011.

                                                s/ Kristi K. DuBose
                                                KRISTI K. DuBOSE
                                                UNITED STATES DISTRICT JUDGE